Opinion filed May 31, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00131-CR 

                                                    __________

 

                                     FRED
GONZALES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CR13568

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

The
jury convicted Fred Gonzales of the offense of possession of between one and
four grams of a controlled substance from penalty group one, found the
enhancement allegations to be true, and assessed punishment at confinement for twenty-five
years.  We dismiss the appeal.  

            Appellant’s
sentence was imposed on March 27, 2012.  No motion for new trial was filed.  Appellant’s
notice of appeal was filed on May 14, 2012, forty-eight days after the date
sentence was imposed.  Appellant mailed a motion for extension of time to file
notice of appeal to this court on May 14, 2012, which was received and filed in
this court on May 18, 2012.  This court notified the parties by letter dated May
18, 2012, that the notice of appeal and the motion for extension appeared to be
untimely.  We requested that appellant respond and show grounds for continuing
this appeal.  We also informed appellant that the appeal may be dismissed for
want of jurisdiction.  

Appellant’s
counsel filed a response to our letter in which he explained that appellant did
not file a request for the appointment of appellate counsel until thirty-five
days after the date of sentencing and that counsel did not receive notice that
he had been appointed to represent appellant until eight days after the
deadline for filing the notice of appeal.  Appellant’s counsel acknowledges
that the notice of appeal was not filed until May 14 and that the motion for
extension was not mailed until May 14, though they were due to be filed no
later than May 11.  See Tex. R.
App. P. 26.2, 26.3.  Pursuant to Rule 26.2(a)(1), the notice of appeal
must be filed within thirty days after the day sentence is imposed.  In this
case, the due date was April 26, 2012.  For an extension, Rule 26.3 mandates
that the notice of appeal and the motion for extension must be filed within
fifteen days after the deadline for filing the notice of appeal.  Neither the
notice of appeal nor the motion for extension was filed within fifteen days of April
26.  They were, therefore, not timely.  Absent a timely filed notice of appeal
or the granting of a timely motion for extension of time, we do not have
jurisdiction to entertain the appeal.  Slaton v. State, 981 S.W.2d 208
(Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App.
1996); Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993).  Though
we are sympathetic to the circumstances in this case, we have no jurisdiction
to grant a motion for extension that is filed more than fifteen days after the
date that the notice of appeal was due.  Olivo, 918 S.W.2d 519.  

Accordingly,
appellant’s motion for extension of time to file notice of appeal is overruled,
and the appeal is dismissed for want of jurisdiction.  

 

PER CURIAM

May 31, 2012                                                                          

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.